IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THERON L. CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:09-cv-1131-WMA-TMP |
| | ) |
| CALHOUN COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

The plaintiff is a prisoner in the custody of the Calhoun County Jail in Anniston, Alabama. His complaint alleges that he suffered excessive force at the hands of jailers in November of 2007, for which he now seeks compensatory damages and injunctive relief.[1] However, on the complaint form completed by the plaintiff, he indicates that the Calhoun County Jail has a prisoner grievance procedure in place, but that he failed to avail himself of that procedure.

Because the plaintiff is a prisoner, his claims are subject to the Prison Litigation Reform Act of 1995 ("PLRA"), which establishes new restrictions on the ability of prisoners

---

[1] As part of his requested relief, he also seeks "a full pardon by the state." (Doc. #1, page 4). However, to the extent the plaintiff seeks to challenge the fact or duration of his incarceration, he may do so only by way of a petition for writ of *habeas corpus*, and such relief would not be appropriate in this action brought pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977).

to file civil rights actions in federal court. In particular, the plaintiff's claims are subject to 42 U.S.C. § 1997e(a), which, as amended by the PLRA, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Our courts have made it clear that, where administrative remedies are available to a prisoner, he must exhaust those remedies as a pre-condition to filing suit. 42 U.S.C. § 1997e(a); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Additionally, this court does not have the discretion to waive the exhaustion requirements. In *Alexander*, the Eleventh Circuit stated:

> "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement. The Supreme Court has made clear that '[w]here Congress specifically mandates, exhaustion is required' ... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."

*Alexander*, Id. at 1325-1326. (*Quoting, McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed.2d 291 (1992)).

The Supreme Court has recently held that failure to exhaust administrative remedies is an affirmative defense under the PLRA and inmates are not required to specifically plead exhaustion in their complaints.[2] However, in this instance, the plaintiff admits on the face

---

[2] *Jones v. Bock*, 127 S. Ct. 910 (2007).

of the complaint that he failed to utilize the grievance procedure available to him at the Calhoun County Jail.[3]  Where, as here, the allegations in a complaint show, on their face, that an affirmative defense bars recovery, the complaint is subject to dismissal for failure to state a claim. *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990), and *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001).  Because the plaintiff has failed to exhaust the administrative remedies available to him with regard to his excessive force claim, the court is compelled to dismiss the complaint without prejudice.[4] A prisoner must exhaust all available administrative remedies regardless of their alleged futility, and this court has no authority to waive the mandatory exhaustion requirements of the PLRA.  *Simpson v. Holder*, 200 Fed. Appx. 836 (11th Cir. Aug. 23, 2006); *Alexander*, supra. As such, this action is due to be dismissed without prejudice in order that the plaintiff might exhaust his administrative remedies available as a prisoner of the Calhoun County Jail.

An order consistent with this opinion will be entered contemporaneously herewith.

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff.

Done this 19th day of June, 2009.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff indicates that he did not pursue a grievance because he was "released on an (sic) recognzance bond after being sent to the Regional Medical Center to receive stitches and medical treatment for [his] injuries." (Doc. #1, page 2).  However, he apparently has been re-incarcerated, since he files this action as a prisoner.

[4] The Supreme Court has stated unequivocally that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).